IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-28-GF-BMM-JTJ |
| Plaintiff, | |
| | FINDINGS AND |
| v. | RECOMMENDATIONS |
| JASSIE LAYDELL WESTERMAN, | |
| Defendant. | |

## I.    Synopsis

Defendant Jassie Laydell Westerman (Westerman) has been accused of violating the conditions of his supervised release. (Doc. 37). Westerman admitted some of the alleged violations. Westerman's supervised release should not be revoked. Westerman shall remain on supervised release until November 16, 2026, under the same terms and conditions imposed by Judgment dated January 11, 2023. (Doc. 33).

**Status**

Westerman pled guilty on September 1, 2022, to the offense of Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of 18 U.S.C §§ 922(g)(3), 924(a)(2) as charged in Count 1 of the Indictment. (Doc. 20).

Westerman was sentenced to 12 months and 1 day, with 3 years of supervised release to follow. (Doc. 33). Westerman's current term of supervised release began on November 17, 2023.

**Petition**

On December 15, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Westerman's supervised release. (Doc. 37). The Petition alleged Westerman violated conditions of his supervised release by: (1) testing positive for marijuana on October 26, 2025; (2) providing a diluted urine sample on October 30, 2025; (3) testing positive for marijuana on November 6, 2025; (4) providing a diluted urine sample on November 14, 2025; (5) testing positive for marijuana on November 26, 2025; and (6) testing positive for marijuana on December 6, 2025.

**Initial Appearance**

Westerman appeared before the Court on January 6, 2026. Westerman was represented by counsel. Westerman stated that he had read the Petition and that he understood the allegations against him. Westerman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Westerman appeared before the Court on January 6, 2026. Westerman admitted that he had violated the conditions of supervised release as set forth in allegations 1, 3, 5 and 6 of the Petition. The Government moved to dismiss allegations 2 and 4, which the Court granted. The Court continued Westerman's sentencing until July 7, 2026.

**Sentencing hearing**

Westerman appeared before the Court on July 7, 2026. Westerman's violations are Grade C. His criminal history category is V. Westerman's underlying offense on is a Class C felony. Westerman could be incarcerated for up to 24 months. Westerman could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to13 months. The Court was advised that Westerman had fully complied with the terms and conditions of his supervised release since January 6, 2026.

## II.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Westerman's supervised release should not be revoked. Westerman shall remain on supervised release until November 16, 2026, under the same terms and conditions imposed by Judgment dated January 11, 2023. (Doc. 33).

## III.   Conclusion

The Court informed Westerman that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Westerman of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Westerman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Westerman waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That JESSIE LAYDELL WESTERMAN has violated the conditions of his supervised release by: (1) testing positive for marijuana on October 26, 2025; (2) providing a diluted urine sample on October 30, 2025; (3) testing positive for marijuana on November 9, 2025; (4) providing a diluted urine sample on November 14, 2025; (5) testing positive for marijuana on November 26, 2025; and (6) testing positive for marijuana on December 6, 2025.

The Court **RECOMMENDS**:

The District Court does not revoke Westerman's supervised release and order Westerman to remain on supervised release until November 16, 2026, under the same terms and conditions imposed by Judgment dated January 11, 2023. (Doc. 33).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of July 2026.

John Johnston
United States Magistrate Judge